THOMAS RICHTER

*v.*

WILLIAM SCHROEDER *et al.*

*Filed at Ottawa May 19, 1884.*

RECEIVERSHIP—*care as to expenses—over-payment of attorney's fee.*
Funds in the hands of a court for administration should be jealously watched
over, to guard against their absorption by expenses of litigation. The court
should not direct a receiver to pay his attorney, for his professional services
and outlays, any greater sum than the attorney asks in his petition; and it is
error to give him more than he claims he ought to have.

APPEAL from the Appellate Court for the First District;—
heard in that court on appeal from the Circuit Court of Cook
county; the Hon. MURRAY F. TULEY, Judge, presiding.

Mr. W. B. CUNNINGHAM, and Mr. ADOLPH MOSES, for the
appellant.

Mr. H. H. ANDERSON, *pro se.*

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the
Court:

Thomas Richter having filed his bill in chancery, against
William Schroeder and certain insurance companies, to en-
force the payment to him of insurance moneys claimed to be
due to him under a mortgage made by Schroeder, which
provided for the keeping of the mortgaged premises insured,
an agreement was entered into between the parties for the
appointment of a receiver, who employed H. H. Anderson,
Esq., as his attorney, to institute suits against the insurance
companies. There resulted considerable litigation, and Mr.
Anderson afterward presented his petition in the case to the
court, for an allowance for his services. Reference was made
to a master to inquire into the value of the services, and on
report made the court entered an order for the payment to

Anderson of $1007.10, which order was affirmed on appeal to the Appellate Court for the First District, and Richter appeals to this court.

In his petition the petitioner gives a statement, in detail, of the services he had rendered, concluding as follows: "That petitioner has expended, for costs and expenses, $150, and prays for an order upon said receiver to pay him $650." Before the master the petitioner gave testimony, as follows: "My net outlay is $157.10. I ask on account $650, though I think I am entitled to more. I ought to be paid that amount on account." And on cross-examination he says: "I have not made any definite charges in the case. I simply stated to you what my services have been, and I intend to leave it to the evidence of lawyers, and the judgment of the master and court, in regard to what my services have been worth. I ought to have the money I paid out, and $500 fees."

Funds in the hands of a court for administration should be jealously watched over, to guard against their absorption by expenses of litigation. Allowance to a claimant of more than he thinks he ought to have, and more than he asks for, should not, we think, be approved. The sum of $657.10,— the petitioner's own measure of the value of his services,—is all, in our opinion, that should have been allowed, although there was other testimony in the case which might have warranted the allowance of as large a sum as that ordered to be paid.

Appellant makes the point that much of the litigation which arose came through the petitioner's own neglect, and that he should have nothing for his services. Upon an examination of the evidence in the case we can not say that it sustains this point made by appellant, and we are satisfied with the finding below in this regard.

The judgment will be reversed, and the cause remanded for further proceedings in accordance with this opinion.

*Judgment reversed.*